Zimmerman, J.
Applicable Section 12423-1, General Code (121 Ohio Laws, 557, 572, effective January 1, 1946), now Section 2903.01, Revised Code, recites:
“Whoever, being a person over the age of eighteen years shall assault a child under the age of sixteen years, and shall wilfully take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape upon such child, or wilfully make improper exposures .of his person in the presence of such child, shall be deemed guilty of felonious assault, and on conviction thereof shall be fined not less than one hundred dollars nor more than one thousand dollars or imprisoned in the penitentiary not less than one year nor more than *364 ten years or both such fine and imprisonment in the discretion of the court.”
The indictment herein stripped of some of its formal language reads:
“* * * Harold Rudy in the county of Summit and state of Ohio * * * on the 1st day of February * * * [1953], then and there being a male person over the age of eighteen years, did unlawfully assault * * * [name of the male victim], a child then and there being under the age of sixteen years, and wilfully and unlawfully did take indecent and improper liberties with the person of said * * * [victim], he, said Harold Rudy, then and there-not committing or intending to commit the crime of rape upon said * * * [victim], contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Ohio.”
Section 12423-1, General Code (109 Ohio Laws, 45, effective until January 1, 1946), provided:
“Whoever, being a male person over the age of eighteen years shall assault a female child under the age of fourteen years, and shall wilfully take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape upon such child, or wilfully make improper exposures of his person in the presence of such child, shall be deemed guilty of felonious assault, and on conviction thereof shall be fined not more than one thousand dollars, or imprisoned in the penitentiary not more than ten years, or both such fine and imprisonment, in the discretion of the court.”
The defendant contends that the following elements are necessary to constitute a crime under the wording and punctuation of the applicable section of the Code:
1. An aggressor over 18 years of age.
2. A female victim under the age of 16.
*365 3. An indecent exposure of the person of the aggressor in the presence of such victim:
4. The taking of indecent liberties with the person of such victim, without committing or intending to commit the crime of rape upon her.
He then argues that, since neither the charge in the indictment nor the proof presented at the trial meet the requirements for a finding of guilty under the statute, he is entitled to be discharged.
Gn the-other hand, the state claims that the statute was deliberately reworded by the General Assembly for an apparent purpose, and that under its present wording, which is admittedly inept, the indictment states an offense within the meaning, intent and terms of the statute!
It is pointed out by the state that the General Assembly by its enactment, effective January 1, 1946, made three distinct changes in the statute which was effective until such date. The modifying words, “male” and “female,” were deleted and the age of the child raised from 14 to 16 years. Moreover, it Is asserted that the deletion of the modifying word, “male,” the retention of the word, “person,” the deletion of the word, “female,” and the retention of the word, “child,” give the existing statute an enlarged operation, broad enough to embrace the offense with which the defendant was charged.
Obviously, the “rape” portion of the statute has reference to a female child assaulted by a male over 18 years of age, but the parts covering “indecent and improper liberties with the person of such child” and “improper exposures of his person” include both male .and female persons as the offenders and-both male and female children as the victims.
Upon consideration of the statute involved as-.a whole, we agree with the state that the purpose of the *366 statute is plain, and that it is sufficiently comprehensive to include the offense charged against the defendant. If the indictment is good, defendant does not claim that the evidence introduced on the trial is insufficient to sustain the conviction.
It follows that the judgment of the Court of Appeals should be and it is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Taet, Hart, Stewart and Lamneck, JJ., concur.